UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGOT WARD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:20 CV 374 DDN |
| ) | |
| FLORISSANT VALLEY SHELTERED ) | |
| WORKSHOP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions to dismiss, under Federal Rule of Civil Procedure 12(b)(6), of defendants Florissant Valley Sheltered Workshop ("Florissant Valley") and Productive Living Board for St. Louis County Citizens with Developmental Disabilities ("PLB"). (Docs. 8, 45.) Defendants' motions are directed at plaintiffs' first amended petition (Doc. 6). Plaintiffs Margot Ward, Gearline Banks, and Pamela Heitmann oppose the motions. (Docs. 12, 50.) The Court heard oral arguments on Florissant Valley's motion on November 9, 2020.

**I.     BACKGROUND**

Plaintiffs originally filed this action on March 14, 2019, in the Circuit Court of St. Louis County, Missouri. (Doc. 1 at 1.) On February 13, 2020, plaintiffs filed their first amended petition in the Circuit Court. (Doc. 6.) On March 9, 2020, Florissant Valley removed the case to this Court, invoking the original subject matter jurisdiction granted by 28 U.S.C. § 1331 (federal question).

The facts alleged in the first amended petition are as follows. Florissant Valley is a nonprofit corporation and a sheltered workshop that employs developmentally disabled persons. (Doc. 6, at ¶¶ 2, 5.) Florissant Valley receives the majority, if not all, of its funding from the PLB.

1

(*Id*. at ¶ 7.)  The PLB is a taxing authority, commonly known as a "Senate Bill 40 Board." (*Id*. at ¶ 3).  Under Senate Bill 40, Missouri counties, with voter approval, can levy a property tax to fund programs for the developmentally disabled.  (*Id*.)  The voters of St. Louis County did so and the PLB was created in 1979.  (*Id*.)

In 2016, the PLB determined that it would not fund any sheltered workshop that employed convicted felons.  (*Id*. at ¶ 6.)  Florissant Valley employed plaintiffs as staff to work with the developmentally disabled workers until March 17, 2017, at which time they were terminated from their positions because they were convicted felons.  (*Id*. at ¶ 8.)  If Florissant Valley continued to employ plaintiffs, Florissant Valley would not receive funding from the PLB.  (*Id*. at ¶ 9.)

Plaintiffs assert two claims:  (1) a violation of 42 U.S.C. § 1983 asserting Florissant Valley and the PLB violated plaintiffs' rights to equal protection of the law under the Fourteenth Amendment; and (2) a request for judicial review of plaintiffs' termination under Missouri Revised Statute § 536.150.

## II.  **MOTION TO DISMISS**

Florissant Valley moves for dismissal of plaintiffs' complaint asserting it cannot be liable under § 1983 because it is a private employer and plaintiffs' employment was at-will.  It also argues plaintiffs' request for judicial review under Missouri Revised Statute § 536.150 must be dismissed because it does not apply to private entities.  The PLB asserts in its motion to dismiss that plaintiffs' § 1983 claim against it must be dismissed because it did not employ plaintiffs.  It also agrees with Florissant Valley that plaintiffs' claim under § 536.150 must be dismissed because it does not apply to private entities.

### A. Standard

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6) a complaint must include "only enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id.* at 555. Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). The Court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations omitted).

### B. Discussion

#### 1. Count I - § 1983 Claim

In support of its motion to dismiss, Florissant Valley asserts two arguments as to why the Court should dismiss plaintiffs' § 1983 claim. First, it asserts it is a private entity, not a state actor. Second, it argues plaintiffs have not alleged a constitutional violation because they are at-will employees and do not have a constitutional right to work.

To establish a violation of § 1983, a plaintiff must demonstrate: (1) the defendant acted under color of state law and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *McKay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th Cir. 2020). It is well established that only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *Youngblood v. Hy-Vee Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Thus, the constitutional deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937-38 (1982).

Whether a private party may be characterized as a state actor turns on the circumstances of the case. The Supreme Court has recognized a private party may be considered a state actor where "the state has delegated to a private party a power traditionally exclusively reserved to the state," where the private actor "is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). In any circumstance, there must be "a close nexus not merely between the state and the private party, but between the state and the alleged deprivation itself." *Id*. At the very least, a plaintiff must allege the private party and the state actor reached "a mutual understanding, or a meeting of the minds." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

None of the allegations included in plaintiffs' first amended petition establishes that Florissant Valley is a state actor. As alleged, Florissant Valley is a private entity, a non-profit corporation. Although Florissant Valley receives a majority, if not all, of its funding from the

4

PLB, a public entity, the receipt of public funds does not convert a private actor into a state actor. *Sabri v. Whittier Alliance*, 833 F.3d 995, 1000 (8th Cir. 2016).  In *Nichols v. Metropolitan Center for Independent Living, Inc.*, the Eighth Circuit held that although the Center, a private entity, relied on the government for nearly all of its funding and was subject to extensive governmental regulation, it was not a state actor because it was not under direct government control.  50 F.3d 514, 518 (8th Cir. 1995).  Similarly, here, Florissant Valley relies on government funding, but there are no facts in the first amended petition establishing Florissant Valley is under direct government control.  The withholding of funds by a state actor does not establish direct governmental control.  *Sabri*, 833 F.3d at 1000.

Plaintiffs argue the PLB and Florissant Valley are joint employers, and thus, because the PLB is a state actor, Florissant Valley is also one as well.  In support plaintiffs cite a Department of Labor regulation, 29 C.F.R. § 791.2, which establishes the standards to determine when two entities are joint employers under the Fair Labor Standards Act.  First, this regulation is inapplicable because plaintiffs do not raise a claim under the Fair Labor Standards Act.  Second, even if the regulation applied, it does not establish the PLB and Florissant Valley are joint employers.  The regulation provides four factors to determine if the entity is a joint employer: (1) if the entity hires or fires the employee, (2) if the entity supervises and controls the employee's work schedule or conditions of employment to a substantial degree, (3) if the entity determines the employee's rate and method of payment; and (4) if the entity maintains the employee's employment records. 29 C.F.R. § 791.2(a)(1)(i)-(iv).  Here, the PLB did not exercise direct control over plaintiffs in that it did not directly fire plaintiffs, nor did it exercise indirect control because it is not alleged to have given Florissant Valley mandatory directions to fire plaintiffs.  *See* 29 C.F.R. 791.2(a)(3).  Plaintiffs' allegations do not establish the PLB's direct or indirect control of

5

any of the other factors to establish joint employment. Therefore, the PLB and Florissant Valley are not joint employers.

Plaintiffs also cite *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 399 (1999) for the proposition that a corporation is an agency of the government when "the State has specifically created that corporation for the furtherance of governmental objectives, and not merely holds some shares but controls the operation of the corporation through its appointees." Plaintiffs do not allege facts to establish the government created Florissant Valley, or that it controls Florissant Valley through its appointees. *Lebron* is inapplicable to the facts of this case. With the facts currently alleged, plaintiffs fail to establish Florissant Valley is a state actor for the purposes of § 1983, and the claim must be dismissed.

In its separate Motion to Dismiss, the PLB also moves to dismiss Count I. In its motion, the PLB asserts Florissant Valley is not a state actor and because the PLB did not fire plaintiffs, the PLB cannot be held liable under § 1983. A close reading of plaintiffs' first amended petition reveals they are not asserting a claim that the PLB fired them. Instead, they assert the PLB's policy that it will not fund any sheltered workshop that employs convicted felons violates their rights to equal protection under the Fourteenth Amendment. *See* Doc. 6, ¶ 13.[1] To the extent plaintiffs do assert a due process claim, that claim does fail because plaintiffs do not have a constitutional right to employment at Florissant Valley, as the PLB argues.[2]

---

[1] The first amended petition states: "The policy of The Productive Living Board has greater impact upon African American employees, and thus violates their rights to equal protection of the laws under the 14th Amendment to the United States Constitution, particularly because the policy does not allow for an assessment of the individual convicted felon's ability to work effectively and safely for the sheltered work shop; and does not allow an exception for convicted felons who after said assessment are determined to be able to work effectively and safely for the sheltered workshop."

[2] It is unclear to the Court if plaintiffs are attempting to assert a due process claim in Paragraph 14 of the first amended petition which states, "That the action of the Productive Living Board in

Property interests protected by procedural due process are found in independent sources such as state law, municipal ordinance, or contract. *Singleton v. Cecil*, 176 F.3d 419, 422 (8th Cir. 1999). In this case, plaintiffs do not allege state law, municipal law, or any sort of employment agreement created a property interest in their continued employment. Under Missouri law, an at-will employee can be discharged for cause or without cause. *Id*.; *see also Crews v. Monarch Fire Prot. Dist.*, 771 F.3d 1085, 1089-91 (8th Cir. 2014). Thus, plaintiffs do not have a protected property interest in their continued employment with Florissant Valley. Nor do plaintiffs have a substantive due process claim as "occupational liberty" is not a substantive due process right protected by the Fourteenth Amendment. *Singleton*, 176 F.3d at 428-29.

As for plaintiffs' Equal Protection claim, the PLB argues convicted felons are not a protected class and thus, their Equal Protection claim fails as a matter of law. First, plaintiffs' first amended petition alleges the policy has a disparate impact on African Americans, and race is a protected class. *See City of Cleburne, Tex. V. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). However, even if the claim only alleged convicted felons were treated differently, plaintiffs' Equal Protection claim still would not fail as a matter of law. The Equal Protection Clause requires "state actors to treat similarly situated people alike." *Am. Family Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016). If the plaintiffs are not members of a suspect class and their claim does not involve a fundamental right, their Equal Protection claim may still proceed; it is just subject to rational basis review, rather than strict scrutiny. *Id*. ("Under rational basis review, the classification must only be rationally related to a legitimate government interest."). Therefore,

---

implementing the blanket policy disqualifying convicted felons from working in sheltered workshops that receive Productive Living Board funding constitutes a state action that violates their constitutional right to work for a sheltered workshop and not be discharged from that employment solely because they are convicted felons."

plaintiffs' Equal Protection claim survives and the Court must deny the PLB's motion to dismiss on this basis.

### 2. Count II – Request for Judicial Review

Count II of plaintiffs' first amended petition it must be dismissed against both Florissant Valley and the PLB. Missouri Revised Statute § 536.150 provides in pertinent part:

> When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of such person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action…

The plain text of the statute makes clear this statute only applies to administrative officers or bodies existing under the constitution or by statute or by municipal charter or ordinance. Plaintiffs do not allege Florissant Valley is an administrative officer or body existing under the constitution, statute, municipal charter, or ordinance. Therefore, the statute does not apply to any action it takes. The statute also does not apply to the PLB because plaintiffs do not allege the PLB directly fired them. Therefore, there is no decision by it to review. Furthermore, the statute does not authorize judicial review of the termination of at-will employment. *Mosley v. Members of Civil Serv. Bd. for City of Berkley*, 23 S.W.3d 855, 859 (Mo. Ct. App. 2000); *see also Barnes v. City of Lawson*, 820 S.W.2d 598, 601 (Mo. Ct. App. 1991). Plaintiffs do not allege they are anything but at-will employees. Therefore, judicial review is unavailable to them under § 536.150 and the Court dismisses Count II against both Florissant Valley and the PLB.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Florissant Valley Sheltered Workshop to dismiss (Doc. 8) is **GRANTED** as to both Counts I and II. Those claims are terminated from this action.

8

**IT IS FURTHER ORDERED** that the motion of defendant Productive Living Board for St. Louis County Citizens with Developmental Disabilities to dismiss (Doc. 45) is **GRANTED only as to Count II.  The motion is denied as to Count I.**

A separate Order of Dismissal is issued herewith.

                                    /s/   David D. Noce
                              **UNITED STATES MAGISTRATE JUDGE**

Signed on March 11, 2021.